UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXA BORENKOFF, On Behalf of Herself, and All Others Similarly Situated,<br><br>Plaintiff,<br><br>-against-<br><br>BUFFALO WILD WINGS, INC.,<br><br>Defendant(s). | Case No.:_____<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Alexa Borenkoff ("Plaintiff"), by her undersigned counsel and on behalf of herself and all others similarly situated, complaining of deceptive trade practices relating to Defendant Buffalo Wild Wings, Inc.'s material misrepresentations and omissions which deceived vegetarians into choosing, consuming and paying for items cooked in beef tallow, alleges the following upon personal knowledge on her own acts, and upon information and belief, based on the investigation conducted by her counsel, on all other allegations:

**NATURE AND SUMMARY OF THE ACTION**

1.      This is an action against Defendant Buffalo Wild Wings, Inc. ("BWW") alleging violations of the New York General Business Law ("GBL") § 349 and unjust enrichment. The classes (a restitution class and an injunctive relief class) comprise of vegetarians who ate at a BWW restaurant (the "Classes").

2.      A large and growing segment of our population are vegetarian. BWW is deceiving these consumers because it does not list beef tallow as an ingredient, disclose using beef tallow on its menu, or reference using beef tallow. Vegetarians are choosing, consuming, and paying for items cooked in beef tallow they would not have purchased.

3.      The Classes purchased food they would not have otherwise bought because of BWW's material misstatements and omissions.  The Classes have been damaged and BWW unjustly enriched.  Injunctive relief is necessary to prevent this from continuing.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action under the Class Action Fairness Act of 2005 and 28 U.S.C. § 1332(d) because the aggregate amount in controversy exceeds $5,000,000 and there is diversity between a Plaintiff and a Defendant.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b).  BWW conducts substantial business in this District, has significant contacts with this District, and otherwise purposely avails itself of the markets in this District, through its promotion, sale, and marketing.

## PARTIES

6.      Plaintiff Alexa Borenkoff is an adult individual and a resident and citizen of New York.  Ms. Borenkoff brings this proceeding in an individual capacity and on behalf of all others similarly situated.

7.      Defendant BWW is a Minnesota corporation, with its principal place of business and headquarters in in Minneapolis, Minnesota.  BWW is an owner, operator and franchisor of BWW restaurants.

## SUBSTANTIVE ALLEGATIONS

**A.      Background**

8.      BWW is a growing owner, operator and franchisor of BWW restaurants.  BWW was founded in 1982 and opened the first BWW restaurant on the Ohio State University campus. BWW now has 1,180 restaurants, and has set a goal of having 1,700 restaurants across North America in the next 10 years.  The company's international expansion began in Canada and continued into Mexico, the Middle East, the Philippines and Panama.

9.      A large and growing segment of our population are vegetarian.  In 2009, one percent of the United States population reported eating vegetarian.  Now, five percent of the United States population is vegetarian.

10.     People are vegetarian for several reasons, including better health (lower cholesterol, reduced risk of heart diseases, reduced risk of cancer, higher life expectancy, etc.), and concern for animals.

11.     Further, many religions have dietary restrictions.  The restrictions include, the food (e.g. no pork products), the way meat is slaughtered (e.g. halal meat), the way food is stored and cooked (e.g. kosher), how the cooking tools are cleaned (e.g. kosher), and how the food is served (e.g. on trays uncontaminated by non-kosher food).

12.     A diet conforming to one's religious beliefs is a right protected by the First Amendment.

**B.      BWW's Material Misrepresentations and Omissions Deceived Vegetarians Into Choosing, Consuming, and Paying For Items Cooked in Beef Tallow**

13.     BWW's menu lists the ingredients for its food items, but does not list or reference using beef tallow for any item.

14.     BWW's nutritional information does not list or reference using of beef tallow.

15.     BWW website does not disclose using beef tallow.

16.     The industry standard is to use non-beef cooking oil to fry items.

17.     Because BWW does not list beef tallow as an ingredient, disclose its use on the menu, or reference using beef tallow, vegetarians are purchasing items, such as the garden crasher, Mediterranean salad, roasted garlic breaded mushrooms, cheese curds, corn tortilla chips and red salsa, potato wedges, French fries, ultimate cheese sampler, etc., that are cooked in beef tallow.

18.     Vegetarians would not buy these items if BWW disclosed using beef tallow.

19.     A reasonable vegetarian consumer would be deceived by BWW's material misrepresentations and omissions.

**C.      Because Of BWW's Material Misrepresentations and Omissions, Plaintiff Purchases, Consumes and Pays for Food Cooked in Beef Tallow**

20.     Plaintiff is a vegetarian.

21.     In or about January 2015, Plaintiff visited a BWW in Rockland County New York.

22.     In or about January 2015, Plaintiff visited a BWW in Westchester County New York.

23.     On both occasions, she chose, consumed and paid for French fries and mozzarella sticks.

24.     BWW does not disclose that these items are cooked in beef tallow.

25.     If BWW had properly disclosed that these items were cooked in beef tallow, Plaintiff would not have chosen, consumed and paid for these items.

**D.      BWW Uses Beef Tallow To Fry All Items**

26.     Failing to reveal the existence and extent of using beef tallow was a material omission of fact relating to the sale of BWW's food.

27.     Despite not listing beef tallow as an ingredient or disclosing its use on its menu or website, BWW admits using beef tallow to cook all fried items, averring that "there is no legal requirement to post such usage on the menu."

**E.      BWW's Material Misrepresentations and Omissions Regarding Beef Tallow Inured the Class and Unjustly Enriched BWW**

28.     The Classes purchased items believing they had the qualities they sought based on BWW's material misrepresentations and omissions, but the food was actually unsatisfactory described.

4

29.     Plaintiff and members of the Classes would not have purchased these items absent BWW's material misrepresentations and omissions.

30.     Plaintiff and members of the Classes lost money because of BWW's deception.

31.     Plaintiff and members of the Classes altered their position to their detriment and suffered damages in an amount equal to the amount they paid to BWW.

32.     Plaintiffs were reasonably diligent consumers, but did not discover BWW's use of beef tallow until after their purchases.  Because of BWW's material ommissions, certain Class members still do not know about BWW use of beef tallow and conitinue to purcase items they would not othersie purchase.

33.     Plaintiff was unaware she was purchaseing items cooked in beef tarrow until after puchasing, consuming and paying for these itmes.

34.     Plaintiff, in exercising reasonable diligence, could not have discovered BWW's deceptive practices earlier.

35.     Because of BWW's material omission, vegetarians paid BWW for food they would not have otherwise ordered.

36.     The Classes were damaged, BWW was unjustly enriched, and BWW should be required to properly disclose its use of beef tallow.

<u>**CLASS ACTION ALLEGATIONS**</u>

37.     Plaintiff sues as a class action under Fed. R. Civ. P. 23, on behalf of a Classes defined as:

A.      **Restitution Class** - All vegetarians (excluding officers, directors, agents, and employees of BWW) who purchased, on or after October __, 2013 (the "Class Period"), items cooked in beef tallow.

B.      **Injunctive Relief Class** - All vegetarians (excluding officers, directors, agents, and employees of BWW) who purchased, on or after October __, 2010 (the "Class Period"), who commonly purchase BWW items cooked in beef tallow.

38.      The Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

39.      The proposed class is believed to be composed of thousands of people.

40.      All members of the proposed Classes are ascertainable, and their purchases identifiable through records maintained by BWW, and debit and credit card records.

41.      No violations alleged result from any oral communications or individualized interaction between class members and BWW.

42.      Rather, all claims arise from the identical material omission of fact and common course of conduct alleged.

43.      There are common questions of law and fact affecting the rights of the class, including:

a)   Whether BWW's conduct constitutes the violations of law alleged ;

b)   Whether BWW acted willfully, recklessly, negligently, or with gross negligence in the violations of law alleged ;

c)   Whether Class Members are entitled to injunctive relief;

d)   Whether Class Members are entitled to restitution.

e)   Whether failing to reveal the use of beef tallow was an omission of material fact relating to the sale of goods and/or services within the meaning of GBL 349; and

f)   Whether BWW's common course of conduct, as alleged, renders them liable to provide total or partial refunds under a theory of unjust enrichment or disgorgement.

44.      Plaintiff is a member of the Classes she seeks to represent.

45.    The claims of Plaintiff are not only typical of all Class members, they are identical.

46.    All claims of Plaintiff and the Classes are based on the exact same legal theories.

47.    Plaintiff has no interest antagonistic to, or in conflict with, the Classes.

48.    Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

49.    BWW has acted and refused to act on grounds applicable to the Classes, making appropriate injunctive and declaratory relief for the Classes.

50.    The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

51.    A class action is the only practical, available method for the fair and efficient adjudication of the controversy since the damages suffered by each class member will be limited and individual actions are not economically feasible.

52.    Common questions will predominate, and there will be no unusual manageability issues.

53.    By purchasing and/or consuming these items, all members of the Classes were subjected to the same wrongful conduct.

54.    Absent BWW's material deceptions, misstatements, and omissions, Plaintiff and other members of the Classes would not have purchased these items.

55.    Class representation is superior to other options for resolving the controversy.  The relief sought for each Class member is small. Absent the availability of class action procedures, it would be infeasible for Class members to redress the wrongs done to them.

56.    Class treatment is appropriate under FRCP 23(a) and both 23(b)(2) and 23(b)(3).

## FIRST CLAIM
### (Violation of N.Y. GBL § 349)

57.     Plaintiff repeats and realleges every allegation contained above as if fully set forth.

58.     Plaintiff and the other members of the Classes have been injured and suffered damages by violations of GBL § 349(a), which states: deceptive acts or practices in the conduct of any business, trade or commerce or in furnishing any service in this state are declared unlawful.

59.     Defendant engaged in acts and practices in the State of New York that were deceptive or misleading in a material way, and that injured Plaintiff and the other members of the Classes.

60.     Such acts and practices were likely to mislead a reasonable consumer acting reasonably under the circumstances existing.

61.     Plaintiff and the other members of the Classes have been damaged by Defendants violations of GBL § 349, for which they seek recovery of the actual and/or statutory damages they suffered because of Defendant's willful and wrongful violations of GBL § 349, in an amount to be determined.

62.     Plaintiff and the other members of the Classes seek treble damages and an award of reasonable attorney's fees under GBL § 349(h).

## SECOND CLAIM
### (Unjust Enrichment)

63.     Plaintiff repeats and realleges every allegation contained above as if fully set forth.

64.     By its wrongful acts and the omissions of material fact it caused to be made, Defendant was unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Classes.

65.     Defendant's financial benefit was unjust because of the BWW's bad faith conduct.

66.     Plaintiff, as a member of the Classes, seeks restitution from BWW, seeks an order disgorging all profits, benefits, and other compensation, obtained by the BWW due to their wrongful conduct, and injunctive and/or declaratory relief preventing this misconduct from continuing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for a judgment against Defendant:

A)     For an order certifying the Class, appointing Plaintiff as class representative, and appointing Plaintiff's law firm as Class counsel;

B)     For compensatory damages sustained by Plaintiff and the Classes;

C)     For compensatory damages and/or restitution or refund of all funds acquired by Defendants from Plaintiff and the Classes, and the general public because of Defendants' unlawful, unfair, fraudulent, deceptive and unconscionable practices described;

D)     For punitive and all other damages available to the Classes;

E)     For payment of costs of suit incurred;

F)     For both pre-and post-judgment interest on any amounts awarded;

G)     For payment of reasonable attorneys' fees and expert fees;

H)     For injunctive relief; and

I)     For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.


Dated: November 2, 2016                    **THE BRAUNSTEIN LAW FIRM, PLLC**

By:     /s/ *Michael L. Braunstein*

        Michael L. Braunstein
3 Eberling Drive
New City, New York 10956
(845) 499-2198